IN THE 16th CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**JOSHUA KRASOVEC**      )
             )
    PLAINTIFF,    )
             )
    v.         )  Case No. _____
             )
**THE BOARD OF COMMISSIONERS** )  Request for Jury Trial
**KANSAS CITY, MISSOURI**   )
Nathan Garrett, President in his official and )
  individual capacities,     )
Cathy Dean, Member in her official and  )
  individual capacities,     )
Don Wagner, Treasurer in his official and )
  individual capacities,     )
Mark Tolbert, Member in his official and  )
  individual capacities,     )
Mayor Quinton Lucas in his official and  )
  individual capacities,     )
11125 Locust         )
Kansas City, Missouri 65102    )
             )
And           )
             )
**THE KANSAS CITY POLICE EMPLOYEES** )
**RETIREMENT SYSTEM**    )
Richard Smith, Board Chair in his official and )
  individual capacities,     )
Bailus Tate, Board Treasurer & Vice Chair in his official )
  and individual capacities,    )
Walter (Web) Bixby III in his official and  )
  individual capacities,     )
Scott Hummel in his official and individual capacities )
Robert  Jones in his official and individual capacities, )
Leslie Lewis in his official and individual capacities, )
Thomas Mills  in his official and individual capacities, )
Chad Pickens in his official and individual capacities, )
Patrick Trysla in his official and individual capacities, )
9701 Marion Park Drive, B     )
Kansas City, MO 64137     )
             )
    DEFENDANTS.    )

EXHIBIT

A

exhibitsticker.com

# INTRODUCTION

Joshua Krasovec is a Kansas City Missouri Police Officer that suffers from debilitating posttraumatic stress caused exclusively by his duties as a police officer between 2005 and 2013 as certified by the Pension Board Physician. On February 18, 2020 Plaintiff was told by the Kansas City Board of Police Commissioners (Police Board) that he was being retired with non-duty related disability benefits from the Kansas City Police Retirement System (KCPRS). The law requires the Police Board to retire claimant with a duty disability pension if he is certified by one or more physicians of the Pension Board medical review board. While in effect, Plaintiff has been terminated from his position of Police Officer, he was never formally terminated from his position as a Police Officer

The law pertaining to the Police Board (84 RSMo) does not give it or its members the legal authority to terminate or retire a police officer. Termination is the exclusive duty of the Chief of Police and if an officer is terminated he has appeal rights to the Police Board, which then becomes a contested case under Chapter 536 RSMo. Attorney's fees are available to successful litigants. The process used to terminate Plaintiff also violates due process of Chapter 84 and Article 23 of the MOU between the Police Board and FOP Lodge 99.

Chapter 86 RSMo. expressly grants the Pension Board jurisdiction over pension determinations and a police officer has appeal rights to the Pension Board in a contested case under Chapter 536 RSMo. Attorney's fees are available to successful litigants. The process used to terminate Plaintiff also violates due process of Chapter 86.

The Police Board and Pension Board have conspired to terminate and retire, Plaintiff without due process.

**VERIFIED PETITION**

Plaintiff Joshua Krasovec ("Plaintiff") states the following for his Verified Petition against Defendants ("Defendants"):

**<u>Parties</u>**

1.      Plaintiff is an adult resident of Jackson County, Missouri.

2.      Defendant Kansas City Board of Police Commissioners (Police Board) is created by §84.350 RSMo is charged with the duty to oversee the Kansas City, MO Police Department. The Commissioners are sued in their official capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the Board of Police Commissioners is located in Jackson County.

3.      Based upon information and belief Nathan Garrett, President is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the Board of Police Commissioners is located in Jackson County, Missouri.

4.      Based upon information and belief Cathy Dean, is an adult resident of Jackson County, Missouri. She is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the Board of Police Commissioners is located in Jackson County, Missouri.

5.      Based upon information and belief Don Wagner is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the Board of Police Commissioners is located in Jackson County, Missouri.

6.      Based upon information and belief Mark Tolbert, is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out,

or ratifying the unlawful actions alleged in this Verified Petition. The Office of the Board of Police Commissioners is located in Jackson County, Missouri.

7.      Based upon information and belief Mayor Quinton Lucas is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the Board of Police Commissioners is located in Jackson County, Missouri.

8.      The Kansas City Police Retirement System (KCPRS) of Kansas City, Missouri is a state agency charge with oversight of the Kansas City Police Department Pension Funds and is located at 9701 Marion Park Drive, B Kansas City, Jackson County, Missouri 64137.

9.      Section 86.1060 RSMo states:

1. The retirement board may sue and be sued in its own name. Such suits shall constitute suits by or against the members of the retirement board in their representative capacities and not as individuals.

2. Service of process on the retirement board shall be sufficient if ten copies of the pleading or other document to be served shall be served upon the secretary of the retirement board at the principal office of the retirement system during business hours.

10.     Based upon information and belief Richard Smith, Board Chair, is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

11.     Based upon information and belief Bailus Tate, Board Treasurer & Vice Chair  is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

12. Based upon information and belief Walter (Web) Bixby III is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

13. Based upon information and belief Richard Smith, Board Chair is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

14. Based upon information and belief Scott Hummel, Board Chair is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

15. Based upon information and belief Robert Jones is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

16. Based upon information and belief Leslie Lewis is an adult resident of Jackson County, Missouri. She is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

17. Based upon information and belief Thomas Mills is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

18.     Based upon information and belief Chad Pickens is an adult resident of Jackson County, Missouri. He is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

19.     Based upon information and belief Patrick Trysla is an adult resident of Jackson County, Missouri. She is sued in his official and personal capacity for authorizing, carrying out, or ratifying the unlawful actions alleged in this Verified Petition. The Office of the KCPRS is located in Jackson County, Missouri.

## JURISDICTION AND VENUE

20. The Court has subject matter jurisdiction and venue pursuant to Article V, 14 of the Constitution of Missouri.

21. This action arises under the Missouri Declaratory Judgment Act §527.010 RSMo.

22. Venue is proper in Jackson County as the Defendant's offices are in Jackson County, Missouri.

## General Allegations

23. In 2005, Plaintiff was appointed a Kansas City Missouri Police Officer and was employed as such at all times relevant to this Petition.

24. In 2005, Plaintiff became a member of the Kanas City Police Retirement System (KCPRS) is a member at all times relevant to this Petition.

## Count I – Violation of §86.1180 RSMo and 42 U.S.C. § 1983 by Defendants KCPRS and Police Board.

25. Plaintiff incorporates and restates the allegations contained in the foregoing paragraphs as though fully set forth herein.

6

26. Section 86.1920 provides that:

> The general administration and the responsibility for the proper operation of the retirement system and for making effective the provisions of sections 86.900 to 86.1280 are hereby vested in a retirement board of nine persons.

27. Section 86.1180 states:

> Any member in active service who is permanently unable to perform the full and unrestricted duties of a police officer as the natural, proximate, and exclusive result of an accident occurring within the actual performance of duty at some definite time and place or through an occupational disease arising exclusively out of and in the course of his or her employment **shall be retired by the board of police commissioners upon certification by one or more physicians of the medical board** that the member is mentally or physically unable to perform the full and unrestricted duties of a police officer, that the inability is permanent or likely to become permanent, and that the member should be retired. The inability to perform the full and unrestricted duties of a police officer means that the member is unable to perform all the essential job functions for the position of police officer as established by the board of police commissioners. (emphasis added)
>
> **Upon such retirement on or after August 28, 2013, a member shall receive a base pension equal to eighty percent of his or her final compensation for so long as the permanent disability shall continue**, during which time such member shall for purposes of this section be referred to as a disability beneficiary. Such pension may be subject to offset or reduction under section 86.1190 by amounts paid or payable under any workers' compensation law. (emphasis added)

28. In September 2013, Plaintiff was involved in an undercover drug buy gone bad, the suspects became physically violent, attempting to take his weapon, beating, and robbing him. The surveillance team was out of place and did not quickly come to his aid, leaving him to fear for his life. As a result of this incident developed Post Traumatic Stress Disorder (PTSD).

29. On December 20, 2019, Pension Board Medical Advisor Clinical Psychologist Edward Aberger, of the University of Massachusetts Medical School examined Plaintiff and

authored a Report titled: <u>Police Retirement System and Civilian Employees" Retirement Systems of the Police Department of Kansas City, Missouri Disability Recommendation Summary</u>.

30. In section 5 of the Summary, Dr. Aberger, on behalf of KCPRS, certified that Plaintiff was mentally and physically unable to perform the full and unrestricted duties of a police officer. (A copy of the Report is attached to this Petition as Exhibit 1.

31. Section 6 of the report asks if the disability is exclusively caused or induced by the actual performance of Plaintiff's duties as a Police Officer. Dr. Aberger states:

> Available evidence support of the applicants disability is work related and rise out of a series of traumatic experiences while working as a police officer including undercover in which he felt he was at imminent risk of being killed.

> Applicant attributes his divorce and alcohol abuse to the stressors of working undercover, and ties his PTSD symptoms to these job experiences. There is a divergent in there job-related trauma experiences he reports to his different psych providers (e.g., he reported to J Hartmeyer having been exposed to 38 dead bodies in the course of his police work and seeing your baby in a broiler, but this did not report this other providers) but one consistently noted event appears do occurred in 2013 when the applicant reports he experienced feelings he was about to be attacked and shot while being undercover.

> Of relevance is Dr. Harris original fitness for duty evaluation completed in 2005 when applicant was applying for work in the Police Department. While this pre-work evaluation indicated some issues with alcohol, Dr. Harris conclusion of the time was no evidence of any diagnosable psychiatric condition and able to perform the work of a police officer. This stands in sharp contrast with the subsequent fitness for duty evaluation also performed by Dr. Harris in 2016 and 2017 that find the applicant significantly disabled and unable to perform the duties of a police officer, and it is compellingly supportive evidence to find the applicants disability is work related.

32. On Wednesday, February 19, 2020, Plaintiff received a letter from Defendant David Kenner, Secretary/Attorney stating:

On February 18, 2020, the Board of Police Commissioners (Board) reviewed the medical certification provided by the Police Retirement System of Kansas City's Medical Board (Medical Board)

The Board accepted the Medical Board's certification that you be retired to the Kansas City Police Employees Retirement System. The Board approved you for a non-duty related disability pension.

Please report to the Personnel Division, Police Headquarters Annex Building, 901 Charlotte, Kansas City, Missouri, as soon as possible for necessary retirement processing.

(A copy of Kenner's letter is attached to this Petition as Exhibit 2.)

33. There are no contrary medical evaluations. Specifically, all medical experts agree that he can no longer be a police officer, he has the symptoms of a PTSD diagnosis, that his condition is permanent, and that it was caused exclusively caused by the bad extraction incident.

34. The board of police commissioners had no discretion to deny Plaintiff duty-related disability upon certification, because one or more physicians of the medical board that Plaintiff is mentally or physically unable to perform the full and unrestricted duties of a police officer, that the inability is permanent or likely to become permanent, and that the member should be retired. and he has not been provided a base pension equal to eighty percent of his or her final compensation as required by law.

35. On March 8, 2020, Plaintiff went to the KCPRS to apply for a duty related disability Pension.

36. Plaintiff was told by Pension System Manager, James Pyle that there was no formal process for applying for duty related retirement.

37. In a different case, Involving former police officer Heather Bass's duty related disability claim, James Pyle, Pension Systems Manager wrote in a letter that the Retirement System

disputed the Kansas City Missouri Police Boards' ability to determine that Ms. Bass had a duty-related disability.  (Exhibit 3, August 17, 2012, Letter from James Pyle)

38. Section 86.1460 RSMo state:

> 1. In any hearing conducted by the retirement board, the board's findings on all issues of fact shall be final and conclusive upon all parties concerned, when such findings are supported by competent and substantial evidence.
>
> 2.  Any ruling of the retirement board on a question of law and whether the same is supported by substantial evidence shall, at the option of the plaintiff, be reviewed upon application of any party by the circuit court of Cole County, or in the county of the residence of the plaintiff or one of the plaintiffs, or in the county in which the principal office of the retirement system is located.

39. As a result of Defendants refusal to formally review his duty related disability request, they failed to follow proper procedure.  Specifically, Defendants' failed toissue a determination in writing setting forth its reasons, therefore, and in violation of due process, Plaintiff was denied the opportunity to challenge the KCPRS decision in a contested case.

40. A justiciable controversy exists between Plaintiff and Defendants, who terminated his employment in violation of § 86.1180 and 86.1460 RSMo.

41. This controversy is ripe for judicial determination because Defendants have notified Plaintiff that he has been denied a duty related disability pension.

42. Plaintiff will suffer immediate and irreparable damages in the form of the loss of his standing in the community, salary, and benefits if the Defendants are not enjoined from violating § 86.1180 and 86.1460 RSMo.

43. As a result of the termination in violation of § 86.1180 and 86.1460 RSMo, Plaintiff's rights to Due Process of Law guaranteed by the Fifth and Fourteenth Amendments have been violated.

44. Plaintiff has suffered injury due to this deprivation, in the form of increased legal fees, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, reduced employment opportunities, emotional distress, and deprivation of these rights.

45. Plaintiff is entitled to an award of all attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Court (a) declare Defendants' non-duty related pension determination violates the procedures set forth in chapter § 86. RSMo.; (b) preliminarily and permanently enjoin Defendants from denying Plaintiff's duty related disability; (c) award Plaintiff his costs and reasonable attorney's fees, and (d) for judgment against Defendants, in an amount in excess of $25,000 and interest and grant pre and post judgment interest such other relief as the Court may deem just and proper.

**Count II – Violation of §84.500 RSMo by Defendant Kansas City Police Board**

46. Plaintiff incorporates and restates the allegations contained in the foregoing paragraphs as though fully set forth herein.

47. Chapter 84 of the Revised Statutes of Missouri establishes the Chief of Police for Kansas City has the power to appoint and remove police officers subject to review by the Board of Police Commissioners. § 84.500 (1) RSMo.

48. Section 84.420. lists the duty and responsibility of the Board of Police Commissioners. Pursuant to this statute, the board of police commissioners does not have the legal authority to terminate or determine pension benefits for Kansas City Police Officers.

49. The Chief of Police of the Kansas City, Missouri Police Department, has not terminated plaintiff.

50. Defendant Police Board does not have the legal authority to terminate Plaintiff employment by retirement or other means.

51. Defendant Police Board does not have the legal authority to determine the exclusivity of Plaintiff's disability.

52. Plaintiff's compensation is approximately $76,000.00 per year.

53. Police Officers also receive benefits from the Department, including healthcare and pension contributions.

54. Plaintiff is entitled to his compensation and benefits afforded to police officers until such time as he is proper and lawfully terminated by the police department.

55. A justiciable controversy exists between Plaintiff and Defendants, who terminated his employment in violation of § 84.500 RSMo.

56. This controversy is ripe for judicial determination because Defendants have notified Plaintiff that he is terminated.

57. Plaintiff will suffer immediate and irreparable damages in the form of the loss of his standing in the community, salary, and benefits if the Defendants are not enjoined from violating § 84.500 RSMo.

58. As a result of the termination in violation of § 84.500 RSMo, Plaintiff's rights to Due Process of Law guaranteed by the Fifth and Fourteenth Amendments have been violated.

59. Plaintiff has suffered injury due to this deprivation, in the form of increased legal fees, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, reduced employment opportunities, emotional distress, and deprivation of these rights.

60. Plaintiff is entitled to an award of all attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Court (a) declare Defendants' termination of Plaintiff's to violate the grounds and procedures set forth in § 84.500 RSMo.; (b) preliminarily and permanently enjoin Defendants from terminating Plaintiff (c) award Plaintiff his costs and reasonable attorney's fees, and (d) for judgment against Defendants, in an amount in excess of $25,000  and interest and grant pre and post judgment interest such other relief as the Court may deem just and proper.

### Count III – Violation Administrative Procedures Act.

61. Plaintiff incorporates and restates the allegations contained in the foregoing paragraphs as though fully set forth herein.

62. The Board of Police Commissioners of Kansas City, is a state agency and has the authority to promulgate rules.  (Judicial Notice of §84.420 RSMo)

63. The Board of Police Commissioner's of Kansas City has not promulgated rules pursuant to Chapter 536 RSMo.

64. The Police Retirement System of Kansas City, is a state agency and has the authority to promulgate rules.  (Judicial Notice of §86.951 RSMo)

65. The Police Board has not promulgated any rules pursuant to Chapter 536 RSMo pertaining to retirement terminations or pension determinations.

66. The Police Retirement System of Kansas City has not promulgated any rules pursuant to Chapter 536 RSMo to terminate or retire Kansas City Missouri Police Officers pertaining.

67. Section 536.010.6 RSMo of the Missouri Administrative Procedures Act states:

**Rule"** means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency. The term includes the amendment or repeal of an existing rule, but does not include:

    (a) A statement concerning only the internal management of an agency and which does not substantially affect the legal rights of, or procedures available to, the public or any segment thereof;

68. Section 536.021.7. RSMo states: Except as provided in section 536.025, any rule, or amendment or rescission thereof, shall be null, void and unenforceable unless made in accordance with the provisions of this section

69. An agency is liable for attorneys' fees in any litigation that establishes the agency's failure to pursue rulemaking. § 536.021.9.

70. This controversy is ripe for judicial determination because Defendants have made statements of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency relating to which board determines duty related disability issues.

71. Plaintiff will suffer immediate and irreparable damages in the form of the loss of his duty related pension, standing in the community, salary, and benefits if the Defendants are not enjoined from violating § 536.016 RSMo.

72. As a result of the violation of Chapter 536 RSMo, Plaintiff's rights to Due Process of Law guaranteed by the Fifth and Fourteenth Amendments have been violated.

73. Plaintiff has suffered injury due to this deprivation, in the form of increased legal fees, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, reduced employment opportunities, emotional distress, and deprivation of these rights.

74. Plaintiff is entitled to an award of all attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Court (a) declare Defendants' non-duty related pension determination violates the procedures set forth in chapter § 86. RSMo.; (b) preliminarily and permanently enjoin Defendants from denying Plaintiff's duty related disability; (c) award Plaintiff his costs and reasonable attorney's fees, and (d) for judgment against Defendants, in an amount in excess of $25,000 and interest and grant pre and post judgment interest such other relief as the Court may deem just and proper.

**Count V – Judicial Review of Noncontested Case under § 536.150 RSMo.**

75. Plaintiff incorporates and restates the allegations contained in the foregoing paragraphs as though fully set forth herein.

76. KCPRS and the Board of Police Commissioners are administrative agencies within the meaning of the Missouri Administrative Procedures Act ("MAPA") because they are "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." § 536.010(2) RSMo.

77. Defendants KCPRS is an administrative body under MAPA. *Id.*

78. Defendants Board of Police Commissioners is an administrative body under MAPA. *Id.*

79. Defendants granting Plaintiff a non-duty related disability pension was a final agency decision.

80. Plaintiff is aggrieved by that final decision, which is not subject to any administrative review.

81. MAPA provides:

> When any administrative officer or body … shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person … and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question … and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require….
> § 536.150 RSMo.

82. Defendants KCPRS and Board of Police Commissioners decision to terminate employment and deny Plaintiff's duty related disability pension is unconstitutional, unlawful, unreasonable, arbitrary, capricious, and involved an abuse of discretion for the reasons set forth in Counts I through IV above.

83. A justiciable controversy exists between Plaintiff and Defendants, which is ripe for judicial determination because Defendants have notified Plaintiff on February 19, 2020 that his was to be retired non-duty related disability.

84. Plaintiff will suffer immediate and irreparable harm in the form of the loss of his appointment, standing in the legal community, salary, and benefits if Defendants' decision to terminate Plaintiff and issue a non-duty related disability.

85. If Plaintiff prevails, he is entitled to his reasonable costs and attorneys fees under § 536.087.1 RSMo.

WHEREFORE, Plaintiff respectfully requests that this Court (a) declare Defendants' decision to terminate Plaintiff from his position as a police officer was, unlawful, unreasonable,

arbitrary, capricious, and involved an abuse of discretion; (b) preliminarily and permanently enjoin Defendants from terminating Plaintiff's employment and denying him a duty related disability; (c) award Plaintiff his costs and reasonable attorney's fees under § 536.087.1 RSMo, and (d) grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

*MRebman*

Rebman & Associates, LLC
6015 McGee St.
Kansas City, MO 64113
(816)665-6176
SRebman@Rebman.org

*Counsel for Plaintiff*

## VERIFICATION

I, Joshua Krasovec, state under penalty of perjury that the facts contained in the foregoing Petition are true, accurate and complete according to my best knowledge, information and belief.

By: _____
      Joshua Krasovec

State of Missouri      )
                      ) SS.
County of Jackson   )

On this 12th day of March, 2020, before me appeared Joshua Krasovec and to me known to the person described in and who executed the foregoing instrument.

IN TESTIMONEY WHEEFOF, I have hereunto set me hand and affixed by notarial seal in the County and State aforesaid, the day and year written above.

_____
Notary Public
Name: Qunte Dunnell

My term expires: 11-1-2021

QUNTE DUNNELL
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires Nov. 1, 2021
Commission # 17304473

19



Disability Evaluation Services
*providing disability recommendations on behalf of the*
**Police Retirement System and Civilian Employees' Retirement System**
**of the Police Department of Kansas City, Missouri**

# Police Retirement System and Civilian Employees' Retirement Systems of the Police Department of Kansas City, Missouri Disability Recommendation Summary

**Date:** 12/20/19

**Physician:** Edward W. Aberger Ph.D.          Medical Advisor



Prepared by

University of
Massachusetts
**UMASS** Medical School



Disability Evaluation Services
*providing disability recommendations on behalf of the*
**Police Retirement System and Civilian Employees' Retirement System
of the Police Department of Kansas City, Missouri**

# Police Retirement System and Civilian Employees' Retirement Systems of the Police Department of Kansas City, Missouri Disability Recommendation Summary

**Date:** 12/20/19

**Physician:** Edward W. Aberger Ph.D.                    Medical Advisor



Prepared by

University of Massachusetts Medical School



**Disability Evaluation Services**
*providing disability recommendations on behalf of the*
**Police Retirement System and Civilian Employees' Retirement System**
**of the Police Department of Kansas City, Missouri**

Member Name: Joshua Krasovec

Member ID:

Position Title: Police Officer

Employer: K.C. Police Department

1. **What is the medical or psychiatric diagnosis of the member's condition?**

Applicant has received multiple diagnoses from multiple behavioral health providers, including Generalized Anxiety Disorder; Chronic PTSD; ETOH/Polysub. abuse/dependence in remission since 5/2017; ADD. Across these providers, the most consistent diagnoses are PTSD and Polysub abuse in remission.

2. **Has the member received sufficient medical or psychiatric treatment to help prevent the injury or illness from becoming permanent?**
   ☒ Yes          ☐ No

Psychiatric management, including extensive psychopharmacological treatment with his treating psychiatrist, Dr. Aznaurova starting in 2013 with treatment notes available through 2017. Treatment with Dr. Aznaurova was initially for ADD, but soon evolved into addressing marital and substance abuse issue, anxiety and PTSD symptoms that the applicant attributed to multiple stressful experiences while working as a police officer, including undercover work. Applicant has received extensive psychopharmacologic management under the care of Dr. Aznaurova, including Depakote ER, Prozac, Neurontin, Trazodone, and Vistaril.

Applicant also received counseling sessions wtih J. Hartmeyer, LPC, LADC during 2015-16 and cognitive behavioral therapy and exposure therapy specifically to address PTSD in 14 therapy sessions with J. Prohaska.

Prepared by:



University of
Massachusetts
**UMASS.**Medical School

Missouri KCPERS I Kansas City Police Employees' Retirement Systems   2



Disability Evaluation Services
*providing disability recommendations on behalf of the*
**Police Retirement System and Civilian Employees' Retirement System**
of the Police Department of Kansas City, Missouri

3. Has the member followed the treatment recommendation(s) and/or rehabilitation assignment(s) sufficiently to help prevent the injury or illness from becoming permanent?

☒ Yes ☐ No

While some issues with Rx non-compliance, applicant has regularly attended treatment sessions with his various psych providers, including following through with counseling assignments in PTSD therapy with Dr. Prohaska.

4. Has enough time passed since the initial injury or illness to determine if the condition is permanent and will prevent the member from permanently performing all of the normal activities of a police officer?

☒ Yes ☐ No

5. Can you certify that the member is mentally or physically unable to perform the full and unrestricted duties of a Police Officer, that the inability is permanent or likely to become permanent, and that the member should be retired? If yes to all three conditions, please describe why the injury or illness will permanently prevent the member from performing the full and unrestricted duties of a Police Officer. If no to any of the three conditions above, please describe why you cannot certify to the condition.

☒ Yes ☐ No

Applicant is a now 39 year old divorced male who has custody of his young child. He began work as a police officer in approximately 2005. He relates a series of traumatic experiences while working as a police officer, with the first such event occurring in 2007 when a suspect attempted to run him over with a car. The most notable and reportedly distressing work experience for the applicant occurred in 2013 when he felt he was about to be attacked and shot while working undercover. He subsequently was extracted from undercover work. Subsequently the applicant reported increasing anxiety and emotional distress, and associated increased marital discord that ultimately culminated in divorce.

Applicant's psychological treatment history is notable for a 5-day inpatient stay in 2016 for alcohol abuse, which the applicant reports as a response to his increasing distress.
While treating psychiatrist, Dr. Aznaurova's latest available notes document some improvement and

Click here if continued on next page ☒





Disability Evaluation Services
*providing disability recommendations on behalf of the*
Police Retirement System and Civilian Employees' Retirement System
of the Police Department of Kansas City, Missouri

achievement of stability in applicant's overall mood and functioning (and maintaining sobriety and drug abstinence since detox in May, 2016), her notes also continue to indicate the applicant as having ongoing difficulties with mood variability, anxiety and irritability. Persisting symptoms include intrusive thoughts and ruminations as well as intermittent nightmares and flashbacks. Notably, Dr. Prohaska indicates ongoing persistence of PTSD symptomatology despite appropriate and extensive PTSD treatment. This includes nightmares, irritability, mild to moderate cognitive impairments, hyperarousal, guardedness and paranoia, intrusive thoughts regarding his safety being at risk, and being prone to erratic behavior. Fitness for duty evaluations by Dr. Harris October, 2016 and April, 2017 similarly document "severe" persisting psych symptoms, including intrusive thoughts, and -- most notably relevant to applicant's ability to perform the duties of a police officer -- ongoing difficulties with impulsivity and anger management.

Applicant's treating psych providers, as well as fitness for duty evaluations by Dr. Harris, are consistent in describing persisting PTSD symptomatology and finding the applicant as disabled from being able to perform the work of a police officer.



**Disability Evaluation Services**
*providing disability recommendations on behalf of the*
**Police Retirement System and Civilian Employees' Retirement System**
**of the Police Department of Kansas City, Missouri**

6. If the response to all three conditions in Question #5 is yes, is the member permanently unable to perform the full and unrestricted duties of a Police Officer as the natural, proximate and exclusive result of an accident occurring within the actual performance of duty at some definite time and place or through an occupational disease arising exclusively out of and in the course of the member's employment? Or is the member unable to perform the full and unrestricted duties of a Police Office as a result of an injury or illness not exclusively caused or induced by the actual performance of his or her official duties or by his or her own negligence?

Available evidence supports that the applicant's disability is work-related and arises out of a series of traumatic experiences while working as a police officer, including undercover, in which he felt he was at imminent risk of being killed.

Applicant attributes his divorce and alcohol abuse to the stressors of working undercover, and ties his PTSD symptoms to these job experiences. There is divergence in the job-related trauma experiences he reports to his different psych providers (e.g., he reported to J. Hartmeyer having being exposed to 38 dead bodies in the course of his police work and seeing a baby in a broiler, but did not report this to other providers), but one consistently noted event appears to have occurred in October 2013 when applicant reports he experienced feelings he was about to be attacked and shot while being undercover.

Of relevance is Dr. Harris original fitness for duty evaluation completed in 2005 when applicant was applying for work in the police department. While this pre-work evaluation indicated some issues with alcohol, Dr. Harris' conclusion at that time was no evidence of any diagnosable psychiatric condition and able to perform the work of a police officer. This stands in sharp contrast with the subsequent fitness for duty evaluations also performed by Dr. Harris in 2016 and 2017 that find the applicant significantly disabled and unable to perform the duties of a police officer, and is compelling supportive evidence to find the applicant's disability as work-related.

Click here if continued on next page ☐



Prepared by:

Case 4:20-cv-00338-BCW   Document 1-1   Filed 04/27/20   Page 24 of 27

En head



**Disability Evaluation Services**
*providing disability recommendations on behalf of the*
**Police Retirement System and Civilian Employees' Retirement System**
**of the Police Department of Kansas City, Missouri**

Medical Disability Recommendation completed by reviewing Physician/Psychologist:

Name: Edward W. Aberger, Ph.D.

Specialty/Subspecialty: Clinical Psychologist

Edward W. Aberger, Ph.D.            Digitally signed by Edward W. Aberger, Ph.D.
                                    Date: 2010.12.30 07:45:38 -05'00'

*Physician Signature*

Prepared by:



University of
Massachusetts
**UMASS** Medical School

Missouri KCPERS | Kansas City Police Employees' Retirement Systems  6

MEMBERS

NATHAN F. GARRETT
PRESIDENT
CATHY J. DEAN
VICE-PRESIDENT
W. DON WAGNER
TREASURER
MARK C. TOLBERT
MEMBER
MAYOR QUINTON D. LUCAS
MEMBER

**BOARD OF POLICE COMMISSIONERS**
1125 LOCUST STREET
KANSAS CITY, MISSOURI 64106
816-234-5055
Fax: 816-234-5333
www.kcpd.org

DAVID V. KENNER
SECRETARY/ATTORNEY

February 19, 2020

Officer Joshua Krasovec
404 E. 108th Terrace
Kansas City, MO 64131

Dear Officer Krasovec:

On February 18, 2020, the Board of Police Commissioners (Board) reviewed the medical certification provided by the Police Retirement System of Kansas City's Medical Board (Medical Board).

The Board accepted the Medical Board's certification that you be retired to the Kansas City Police Employees Retirement System. The Board approved you for a non-duty related disability pension.

Please report to the Personnel Division, Police Headquarters Annex Building, 901 Charlotte, Kansas City, Missouri, as soon as possible for necessary retirement processing.

Sincerely,

David V. Kenner
Secretary/Attorney

DVK:br



# KCPERS

Kansas City Police Employees' Retirement Systems

1328 Agnes • Kansas City, Missouri 64127
(816) 482-8138 • Toll Free (888) 813-8138 • Fax (816) 482-8851

August 17, 2012

Ms. Heather Bass
9922 N. Cherry Dr.
Kansas City, Missouri 64155

Dear Heather,

On June 15th the Board of Police Commissioners notified the Police Retirement System of Kansas City, Missouri of their decision to retire you on a duty disability under the provisions of section 86.1180 RSMo. The decision by the Board of Police Commissioners conflicts with the findings of Dr. Gill Wright who completed your independent medical evaluation and served on the Medical Board of the Police Retirement System. Dr. Wright concurred that you should be retired due to a disability but that the retirement should be a non-duty disability under the provisions of section 86.1200 RSMo.

The Retirement Board has reviewed the difference in the findings between the Board of Police Commissioners and the Medical Board and wanted to make you aware of this difference of opinion. We believe the disability determination process is a shared decision between the Board of Police Commissioners and the Medical Board. However, we do not have any guidance as to how to resolve the issue when the two parties, in a shared decision, do not agree. The Retirement Board has contacted legal counsel for the Board of Police Commissioners to clarify how to proceed when there is a difference in the findings between the two entities. That process may or may not involve revisiting the decision about your duty disability. Until we are directed differently, the nature and amount of your disability retirement benefit will not change.

If you have any questions, please do not hesitate to give me a call at (816) 482-8157.

Very truly yours,

James J. Pyle
Pension Systems Manager

AAA COURT REPORTING
DEPOSITION
EXHIBIT _ 2

**EXHIBIT**

1246